**TEXAS DEPARTMENT OF HEALTH, et al., Appellants,**

v.

**Meredith LONG, et al., Appellees.**

**No. 13921.**

Court of Appeals of Texas, Austin.

Oct. 12, 1983.

Jim Mattox, Atty. Gen., Jim Mathews, Chief, Environmental Protection Div., Brian E. Berwick, Asst. Atty. Gen., Austin, for Texas Dept. of Health.

W. Thomas Buckle, Scanlan, Buckle & Fleckman, Austin, for City of Austin.

David W. Hilgers, Hilgers, Watkins & Kazen, Owen T. Kinney, Roan & Gullahorn, Austin, for appellees, Meredith Long, John Davenport, William B. Hilgers and "Friends and Neighbors United".

Margaret Moore, Travis County Atty., James W. Collins, Asst. County Atty., Austin, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

SHANNON, Justice.

Appellants, Texas Department of Health and City of Austin, seek to set aside an order of the district court of Travis County temporarily enjoining them from proceeding with an administrative hearing concerning the City's application for a landfill site in Travis County.[1] At the outset, this Court must determine its jurisdiction to entertain the appeal in response to the City's motion to dismiss the appeal for mootness. The facts underlying the motion to dismiss are as follows:

The City filed an application with the Department to establish and operate a municipal solid waste landfill in Travis County to be located outside the City's boundaries. The Department reviewed the application and its hearings examiner scheduled the matter for a public hearing. Appellees filed prehearing motions that the hearings examiner delay the administrative hearing until the Commissioners' Court of Travis County filed with the Department a certificate to the effect that Pearce Lane, a county road which is the only access to and from the proposed landfill, would be adequate to safely handle the traffic expected to result from the landfill.

Under the Department's rules in effect at the time of the filing of the City's application for the landfill, the City was required to include in its application filed with the Department a written confirmation from the Commissioners' Court of Travis County that access roads to the disposal site could safely accommodate the additional traffic resulting from the contemplated waste dis-

---

1. Appellees are Meredith Long, John Davenport, William B. Hilgers, "Friends and Neighbors United", and Travis County.

posal operations. 25 Tex.Admin.Code § 325.5(b)(3)(E)(ii). The Travis County Commissioners' Court, however, did not confirm in writing that Pearce Lane could safely accommodate the increased traffic; accordingly, the City's application, in and of itself, could not, and did not, comply with the rules.

To meet the omission of the Commissioners' Court to certify the adequacy of Pearce Lane, the City relied upon another of the Department's rules which allows the director of the Solid Waste Management to waive any requirements "nonessential to the evaluation of the site". 25 Tex.Admin. Code § 325.5(b). Appellees countered with the argument that § 325.5(b) was not applicable to the requirement of written confirmation from the Commissioners' Court, and even if § 325.5(b) were applicable, no such waiver had been accomplished.

After argument, the hearings examiner overruled the several motions to halt the scheduled public hearing. Instead of proceeding with their defenses in the administrative hearing, appellees resorted to the district court of Travis County where appellees obtained a temporary restraining order and, after hearing, the temporary injunction order here upon appeal. By such order the district court prohibited the Department and the City from proceeding with the scheduled public hearing for the landfill site until the confirmation from the Commissioners' Court of Travis County regarding the adequacy of Pearce Lane had been filed with the Department.

By its motion to dismiss for mootness, the City brings to our attention the Department's adoption of an amendment of 25 Tex.Admin.Code § 325.5(b)(3)(E)(ii), effective July 12, 1983. By reason of the amendment, written confirmation that proposed access roads to the landfill can safely accommodate the additional traffic is no longer required to be included with an applicant's application for a landfill permit. The City reasons that the amendment to the permitting procedures eliminates any infirmity in its application filed with the Department, and, as a result, the question in

this appeal is moot. Appellees insist, to the contrary, that the amended rule is not applicable to the City's application since the amendment of the rule occurred at a time subsequent to the filing of the application. Appellees claim further that in any event this Court should not set aside the injunction order, but remand the cause to district court for its determination.

Whether the appeal is moot turns upon whether or not the amended rule dispensing with the requirement for written confirmation to be included in the application is applicable to the City's application. This Court is of the opinion that the amended rule is applicable to the City's application.

With respect to procedural statutes, it is settled law that the legislature may make changes applicable to future steps in pending cases. *Merchants Fast Motor Lines v. Railroad Com'n.,* 573 S.W.2d 502 (Tex.1978); *Phil H. Pierce Co. v. Watkins,* 114 Tex. 153, 263 S.W. 905 (1924); *Regal Properties v. Donovitz,* 479 S.W.2d 748 (Tex.Civ.App.1972, writ ref'd n.r.e.). This principle of law rests upon the premise that no litigant has a vested right in a procedural remedy. *Merchants Fast Motor Lines v. Railroad Comm., supra.* The same legal principles should govern changes in administrative rules which are procedural in nature. We have no difficulty in concluding that agency requirements for inclusion, or not, of items in an application for a landfill are procedural in character.

The basis for appellee's suit in district court was that they had been injured by reason of the agency's supposed failure to follow its own rule requiring inclusion of the Commissioners' Court's certificate. The amendment of the rule, omitting that requirement, eliminated the whole foundation of appellees' complaint. A judgment by this Court on the merits of this appeal, under these circumstances, would be ineffectual for want of a subject matter upon which it could operate, the validity or application of the Department's superseded rule being immaterial. *See Texas Parks and Wildlife Department v. Texas Association*

*of Bass Clubs,* 622 S.W.2d 594 (Tex.App. 1981, writ ref'd n.r.e.).

To decide this appeal, under these facts, would constitute nothing more than an advisory opinion by this Court on an abstract question of law. The Supreme Court has repeatedly held that Art. V, § 8 of the Constitution of Texas prohibits the rendition of advisory opinions. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968); *United Services Life Insurance Company v. Delaney,* 396 S.W.2d 855 (Tex.1965).

■ The long-standing rule in this state is that appellate courts do not decide cases wherein no controversy exists between the parties. *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939); *State v. Society for Friendless Children,* 130 Tex. 533, 111 S.W.2d 1075 (1938). When an appeal is moot, the judgment is set aside and the cause is dismissed. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969); *Texas Foundries v. International Moulders & F. Wkrs.,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943).

The injunctive order of the district court is set aside and the cause is dismissed.