IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-087-CV





SAVE OUR SPRINGS LEGAL DEFENSE FUND 


AND SAVE BARTON CREEK ASSOCIATION,



 APPELLANTS


vs.





CITY OF AUSTIN, TEXAS WATER COMMISSION, TEXAS PARKS & WILDLIFE


COMMISSION, AND TEXAS ANTIQUITIES COMMITTEE,




 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 92-16982, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 






 Appellants Save Our Springs Legal Defense Fund and Save Barton Creek
Association appeal from an order of the district court of Travis County denying appellants' request
for a temporary injunction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (West Supp.
1993). Appellee (1) Texas Water Commission has filed a motion to dismiss the case on appeal as
moot. We will grant the motion.

 Appellants requested temporary injunctive relief to enjoin the construction of a
sewer line through Zilker Park in Austin. The Commission contends that the issue of injunctive
relief is moot because the Austin City Council has voted not to proceed with the construction of
the sewer line and to cancel the construction contract. (2) We agree. The action of the City Council
has eliminated the subject matter of the controversy underlying this appeal and mooted the appeal. 
See Tex. Loc. Gov't Code Ann. § 22.073 (West 1988 & Supp. 1993); Crabb v. Uvalde Paving
Co., 23 S.W.2d 300, 302 (Tex. Comm'n App. 1910, holding approved); see also Texas
Employment Comm'n v. Camarena, 710 S.W.2d 665, 669-70 (Tex. App.--Austin 1986), aff'd in
part, rev'd in part, 754 S.W.2d 149 (Tex. 1988).

 To decide the appeal under such circumstance would constitute an advisory opinion
on an abstract question of law. Texas Parks & Wildlife Dept. v. Texas Ass'n of Bass Clubs, 622
S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e.). Article V, section 8 of the Texas
Constitution prohibits the rendition of advisory opinions. Tex. Const. art. V, § 8; Fireman's Ins.
Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968). Accordingly, appellate courts do not decide
cases in which no controversy exists between the parties. City of W. Univ. Place v. Martin, 123
S.W.2d 638, 639 (Tex. 1939); Texas Dept. of Health v. Long, 659 S.W.2d 158, 161 (Tex.
App.--Austin 1983, no writ). The general rule is that, when a case becomes moot on appeal, the
appellate court sets aside all previous orders and dismisses the cause. Dunn v. Dunn, 439 S.W.2d
830, 833 (Tex. 1969); see generally Blair v. Fletcher, 849 S.W.2d 344, 345 (when jurisdiction
is proper, appellate court must render decision on the merits). To dismiss only the appeal would
effectively affirm the judgment of the lower court without considering any assignments of error. 
Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 248 S.W.2d 460,
461 (Tex. 1952).

 The rule is the same when the appeal is from an order denying a request for
temporary injunction and that portion of the cause becomes moot on appeal. See id.; Long, 659
S.W.2d at 161. We, therefore, grant the Commission's motion, set aside the order of the district
court of Travis County denying the request for temporary injunction, and dismiss the portion of
the cause pertaining to appellants' request for temporary injunctive relief.

 Our disposition of the appeal does not, of course, affect the cause on the merits still
pending in the district court of Travis County. See Texas Foundries, 248 S.W.2d at 461.



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Appeal Dismissed on Appellee's Motion

Filed: August 25, 1993

[Do Not Publish]
1. [1] Appellees are the City of Austin, the Texas Water Commission, the Texas Parks & Wildlife
Commission, and the Texas Antiquities Commission.
2. [2] The Commission has submitted certified copies of the City Council minutes memorializing
the decision not to construct the sewer line and to authorize an alternative plan to renovate an
existing line. See Tex. R. App. P. 19(d).