TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00474-CV

NO. 03-03-00045-CV

NO. 03-03-00046-CV






Pantera Energy Company, Appellant


v.


Railroad Commission of Texas; ConocoPhillips Company; and Pioneer

Natural Resources, USA, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICTS

NOS. GN103473, GN200177 & GN200727, HONORABLE W. JEANNE MEURER,

JUDGE PRESIDING





C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N




 It is a bedrock consideration of fundamental fairness that litigants should have an
opportunity to know what the law is and to conform their conduct accordingly. Settled expectations
should not be lightly disrupted. The majority would have it appear that somehow Pantera's settled
expectations were disrupted in this case. They were not. Instead, what is at issue here is the
Commission's clarification of a rule to incorporate its consistent interpretation of the rule. The
clarification may be "intentional," but it is far from being "unfair" as asserted by the majority. 
Because the amended rule is consistent with the Commission's prior interpretation and serves only
to clarify the original rule, it supersedes the original rule for purposes of future proceedings.

 The Commission is charged with the duty to regulate the drilling and production of
oil and gas wells for the purposes of avoiding the drilling of unnecessary wells, preventing waste,
and protecting the correlative rights of the various interest owners that share in a common
hydrocarbon supply. An agency has wide latitude to interpret its own rules to further its statutory
obligations. Consistent with its statutory obligations and with the original rule governing well
densities when read in its entirety, the Commission exercised its discretion to treat Pantera's
applications as Rule 3.38(h)(1)(A) applications rather than Rule 3.38(d)(3) applications as Pantera
had labeled them. (1) The Commission notified Pantera shortly after Pantera filed the applications of
its interpretation of the rule that the applications could not be administratively approved without
giving notice to offset operators. See Railroad Comm'n v. Torch Operating Co., 912 S.W.2d 790,
792 (Tex. 1995) (Commission has discretion to require notice to protect due process rights). Thus,
it was not the rule "change" that first required Pantera to give notice.

 The amended rule is consistent with the Commission's construction of the superseded
rule. Indeed, the comments to the proposed amendments state that they "will clarify Commission
policy concerning notice requirements and administrative approval of applications for unit
dissolutions under new subsection (d)(3). . . ." 26 Tex. Reg. 9480 (2001) (proposed Nov. 23, 2001).

 In this context, the majority's distinction between "substantive" and "procedural"
aspects of the rule simply does not advance the inquiry. That the Commission exercised its
discretion and interpreted the rule consistently throughout the pendency of Pantera's applications to
require notice to affected offset operators makes clear that Pantera has no vested right that was
impaired by the rule amendment at issue. See Grocers Supply Co. v. Sharp, 978 S.W.2d 638, 643
(Tex. App.--Austin 1998, pet. denied). Alternatively, applying the procedural-substantive
distinction, I would follow the only authority in this jurisdiction addressing this issue and conclude
that the notice requirements are procedural in nature and therefore govern any future steps in the
litigation. See Texas Dep't of Health v. Long, 659 S.W.2d 158, 160 (Tex. App.--Austin 1983, no
writ) (newly amended provision governs substance of application for landfill filed prior to agency's
amendment and such change governs "future steps" in pending case; "We have no difficulty in
concluding that agency requirements for inclusion, or not, of items in an application for a landfill
are procedural in character."); see also Rey v. Acosta, 860 S.W.2d 654, 657-58 (Tex. App.--El Paso
1993, no writ) (notice requirements are procedural or remedial); Pratt v. Story, 530 S.W.2d 325, 328
(Tex. Civ. App.--Tyler 1975, no writ) (same).

 Moreover, our scope of judicial review of agency decisions is limited. The only
agency action about which Pantera complains is the Commission's dismissal of its
applications--without prejudice to refiling--because it required Pantera to give notice of its
applications to "any offsetting operators, and any offsetting unleased mineral interest owners" and
"affected persons, including offsets." Although Pantera asserts that its vested rights would be
impaired in other respects if the Commission were to apply amended Rule 3.38 to Pantera's
applications, this contention is merely speculative and there was no live controversy before the
district court.

 I agree with the majority that the declaratory judgment action is duplicative of the
other two suits and was properly dismissed by the district court. In all other respects, I would
respectfully dissent and affirm the judgments of the district court.



 

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Filed: October 30, 2003

1. From Pantera's initial filing of its more than forty applications with the Railroad
Commission pursuant to Commission Rule 3.38(d)(3), seeking dissolution of pooled units into
individual component tracts in the West Panhandle Field, the Commission took the position that
Pantera was required to give notice of its applications to affected offset operators and mineral
interest owners. Pantera asserted that the subsection of the rule, under which it sought to unpool the
tracts, did not require notice to offset operators and that its applications had to be "administratively
approved." Although labeled as Rule 3.38(d)(3) applications for unit dissolutions, the Commission
determined that, as attempts to circumvent the density rule and avoid the rule's notice requirements,
the applications were actually applications for density exceptions.


 After Pantera refused to give notice and while its applications remained pending, the
Commission proposed amendments to make clear that notice to offset operators is required when a
party seeks to unpool units.