# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00290-CV

**Charla Ann King, Executive Director of the Texas Racing Commission and Real Party in Interest Texas Racing Commission through its Chairman, Jesse R. Adams, Appellants**

**v.**

**Larry Lawley and James R. Dunnagan, d/b/a/ The Lawley Group, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-08-000416, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The narrow issue presented in this appeal is whether the district court has subject-matter jurisdiction over a mandamus proceeding seeking to compel the executive secretary of the Texas Racing Commission to provide an application form that was a procedural prerequisite for obtaining a license under a rule that has since been repealed. Because we conclude that the rule's repeal has rendered moot the relator's request for relief, we will render judgment dismissing the underlying cause for want of jurisdiction.

In the Texas Racing Act, the legislature has delegated to the Commission regulatory and rulemaking power over horse and greyhound racing in this state, including wagering on the results of such racing. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, §§ 3.02, 3.021, 5.01, 6.01-7.10, 11.01-.10 (West Supp. 2008). These powers include licensing of persons who conduct wagering on

horse or greyhound races. *Id.* § 6.01 ("A person may not conduct wagering on a greyhound race or a horse race meeting without first obtaining a racetrack license from the commission."); *see generally id.* §§ 6.02-6.18.

From the early 1990s until very recently, the Commission had a rule whereby certain debt holders of licensed race tracks who foreclosed on those facilities could obtain a three-year "interim license" enabling them essentially to continue operating the track under the same privileges and restrictions permitted under the debtor's racetrack license. The most recent iteration of this rule was codified at title 16, section 311.51 of the administrative code. *See* 16 Tex. Admin. Code § 311.51 (2007). Rule 311.51 provided, in relevant part, that "[t]he Commission shall issue to a qualified person an interim license to conduct pari-mutuel race meetings at a racetrack for which a racetrack license has been previously issued." *Id.* § 311.51(a). A "qualified person" was defined as a person who "was the holder of a lien or other debt instrument which secured the original financing of the premises and facilities (or any refinancing thereof)" and "is otherwise eligible pursuant to the Act and the rules to hold a racetrack license." *Id.* "To be eligible to receive an interim license under this section," the rule further provided, the person must (1) own or hold a leasehold interest in the racetrack premises and facilities through foreclosure, enforcement of an agreement securing the financing, or transfer in lieu of such measures; (2) not previously have held a racetrack license for the racetrack; (3) "complete an application form prescribed by the [Commission's] executive secretary"; and (4) pay certain fees specified in the rule. *Id.* § 311.51(b). The third eligibility requirement—that the applicant "complete an application form prescribed by the executive secretary"—is at the center of this proceeding.

Appellees and relators below, Larry C. Lawley and James R. Dunnagan, d/b/a The Lawley Group (TLG), own a horse racetrack facility in Willow Park, Texas, known as the Trinity Meadows Racetrack. TLG desired to obtain an interim license under rule 311.51. TLG pled and attached evidence that it had held the financing documents securing the racetrack's construction and had come to own the facility by virtue of a transfer in lieu of foreclosure. *See id.* § 311.51(a), (b)(1). In September 2007, TLG requested from Commission staff the "application form prescribed by the executive secretary" contemplated under rule 311.51, whose completion it viewed as the first step in the process for obtaining an interim license. TLG pled and attached evidence that, over the next several months, it encountered obfuscation and persistent refusal by the Commission and its staff to provide it the application form.[1] Evidencing some frustration with the Commission's unwillingness to provide what it viewed as a simple form, in February 2008 TLG filed an

_____

[1] The record reflects that this was not the first time TLG or its predecessors encountered difficulties in its efforts to obtain an application form for an interim license from the Commission. In 1996 and 1997, Lawley and Dunnagan's predecessor inquired with the Commission regarding an interim license. At the time, the rule contemplated that the application form would be "prescribed by the commission." *See* 18 Tex. Reg. 1989 (1993), *adopted* 18 Tex. Reg. 4191 (1993). Although the interim license rule had been in effect since 1993, the Commission apparently had never adopted the requisite application form. The Commission's then-interim executive secretary submitted a proposed application form for Commission approval during its September 1997 meeting. The discussion of the draft form prompted Commission members to express reservations that the interim licensing rule as then existing provided a "shortcut" or "abbreviated" means of obtaining a racetrack license compared to the normal licensing requirements. The Commission ultimately rejected the application form by unanimous vote, and did not adopt such a form thereafter. The interim license rule remained in effect, however. In 1999, the rule was amended to provide that the application form would be "prescribed by *the executive secretary*" rather than by the Commission. 24 Tex. Reg. 6176, 6212 (1999) (emphasis added).

The record reflects that during the intervening years, a partnership in which Lawley and Dunnagan were involved attempted to obtain a racetrack license for the Willow Creek track, but was ultimately unsuccessful. TLG apparently renewed its attempts to obtain an interim license thereafter.

original petition for mandamus in the district court. TLG requested that the district court issue mandamus against the Commission's executive secretary to compel her "to prescribe and provide The Lawley Group with an interim license application form as contemplated by Section 311.51 of the Texas Racing Commission Rules [and] Article 7 of the Texas Racing Act." It urged that rule 311.51 created a ministerial, non-discretionary duty on the part of the executive secretary to provide them the application form. TLG reasoned that because rule 311.51 provided that "[t]he Commission shall issue" an interim license to a "qualified person" and made eligibility contingent on completion of "an application form prescribed by the executive secretary," the executive secretary necessarily was required to prescribe and make available the application form.

The Commission filed a plea to the jurisdiction challenging only TLG's pleadings. The Commission asserted that "[t]he refusal to issue an interim license, or an application for such a license, is not a non-discretionary, ministerial act," and that it was "exercising its discretion to refrain from considering or issuing interim licenses." A hearing on the plea was held on April 16, 2008. No additional evidence was presented. To support its contentions that the issuance of an application form under rule 311.51 was not a non-discretionary act, the Commission argued that rule 311.51 itself was invalid because the Commission had exceeded its own statutory authority in adopting it. In other words, the Commission attempted to demonstrate the breadth of its discretion through collaterally attacking its own rule by challenging its own statutory authority to adopt it. The Commission also indicated that it was in the process of considering a repeal of the rule. In response to these assertions, the district court observed that, "We're dealing with a rule on the books, and the issue is, does the Court have the power to adjudicate a dispute arising between the parties under the

4

existing rule. And clearly the answer is yes." At the conclusion of the hearing, the district court overruled the plea.

The Commission appealed the district court's order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). The Commission brings a single issue re-urging the arguments that it advanced in the district court, contending that the district court erred in holding that it had subject-matter jurisdiction over TLG's suit because "the issuance of an application for an 'interim license to conduct race track meetings' . . . is a non-discretionary, ministerial act justifying mandamus relief, when such a license is not authorized by statute."

In the interim between the district court's order and when this Court received the parties' briefing, the Commission repealed rule 311.51 in its entirety, effective July 13, 2008. 33 Tex. Reg. 5523, 5524 (2008). Consistent with its position in this proceeding, the Commission expressed the view that rule 311.51 had "exceeded the statutory authority of the Commission to adopt." *Id.* As a threshold matter, we must consider *sua sponte* whether the Commission's repeal of rule 311.51 has rendered moot the mandamus proceeding giving rise to this appeal. *See Speer v. Presbyterian Children's Home*, 847 S.W.2d 227, 229 (Tex. 1993).

TLG urges that it "established its qualifications in accordance with the Rule [311.51], thereby vesting its right to use the Rule to obtain an interim license." However, the mootness question here is much more narrow. As TLG emphasizes, the sole focus of "[t]he mandamus issue before the trial court was the providing of the form." TLG "simply seeks to be given an application for an interim license" contemplated under rule 311.51. Whether TLG is ultimately entitled to the interim license itself, TLG stresses, "is an issue for a later date." Consequently, our focus is solely

5

whether rule 311.51's repeal is effective as to the requirement that TLG "complete an application form *prescribed by the executive secretary*" as a condition for obtaining an interim license. If an application in a form prescribed by the executive secretary is no longer a prerequisite for obtaining an interim license, then there remains no justiciable controversy regarding whether TLG can compel the Commission's executive secretary to produce one.

Rule 311.51's requirement that TLG complete an application in a form prescribed by the executive secretary was procedural rather than substantive in character. *Texas Dep't of Health v. Long*, 659 S.W.2d 158, 160 (Tex. App.—Austin 1983, no writ) ("We have no difficulty in concluding that agency requirements for inclusion, or not, of items in an application for a landfill are procedural in character."). Neither party had a vested right in the continuation of rule 311.51's requirements governing the form of the interim license application. *Id.* Because TLG's mandamus proceeding seeks only to compel the Commission to produce an application form that is no longer required as a condition for obtaining an interim license, it is moot. *Id.*

We express no opinion regarding the extent to which TLG otherwise has a vested right to pursue or to obtain an interim license in accordance with rule 311.51, as those questions are not before us. We hold only that the Commission has repealed the requirement that TLG submit "an application form prescribed by the executive secretary" as a condition for obtaining such a license.

Accordingly, we dismiss the underlying cause for want of subject-matter jurisdiction. *See Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("[W]hen a cause becomes moot, the appellate court must dismiss the cause not merely dismiss the appeal.").

6

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed as Moot

Filed:   August 22, 2008