**Hugo E. ISUANI, M.D., Petitioner,**

v.

**MANSKE–SHEFFIELD RADIOLOGY GROUP, P.A., Respondent.**

No. D–0508.

Supreme Court of Texas.

Jan. 23, 1991.

George Michael Jamail, Beaumont, for petitioner.

Bruce M. Partain, Beaumont, for respondent.

PER CURIAM.

This is an appeal from the granting of a temporary injunction. This court has jurisdiction pursuant to Tex.Gov't Code Ann. §§ 22.225(c), 22.001(a) (Vernon 1988). The issue here is whether the court of appeals erred when it modified and reformed the trial court's temporary injunction, affirming it as such, after final judgment had already been rendered by the trial court. Because the trial court's final judgment rendered the appeal of the temporary injunction moot, a majority of this court now reverses the court of appeals, dissolves all previous orders pertaining to the temporary injunction and orders the court of

appeals to dismiss Dr. Isuani's appeal from the temporary injunction. The final judgment of the trial court is not affected and is presently pending in the Court of Appeals for the Ninth District.

Dr. Isuani (Isuani) was a member of the Manske–Sheffield Radiology Group, P.A. (Manske–Sheffield). This radiology group practices in Port Arthur, Texas. In 1982, and again in 1987, the group and its members, including Isuani, entered into employment contracts that contained noncompete clauses. These clauses provide that, upon termination of the employment contract by an employee, the employee will not engage in the practice of medicine within a geographical area comprising a fifteen mile radius surrounding St. Mary's Hospital in Port Arthur for a period of one year.

In January of 1990, Isuani told the group that he was leaving and intended on practicing at another hospital located within the fifteen mile radius. Manske–Sheffield then brought this action, seeking, inter alia, a temporary injunction enforcing the noncompete clause. On April 9, 1990, the trial court granted Manske–Sheffield's application for temporary injunction, enjoined Isuani from practicing medicine within the fifteen mile radius for the period of time from the date of the Temporary Injunction Order until the court signed its final order in this cause, and ordered the trial on the merits be set for June 4, 1990. Isuani appealed.

The court of appeals held that the trial court abused its discretion in granting the temporary injunction because it prevented Isuani from practicing his radiological subspecialties within the fifteen mile radius. The court then modified and reformed the trial court's judgment to make it consistent with its holding and affirmed it as such. 798 S.W.2d 346. The case before this court is an appeal by both parties from the court of appeal's judgment on the temporary injunction.

While Isuani's appeal from the trial court's granting of the temporary injunction was pending in the court of appeals, a bench trial was held on the merits of this cause. On June 5, the trial court rendered final judgment granting a permanent injunction against Isuani. That final judgment is currently before the Court of Appeals, Ninth District. On September 13, the court of appeals delivered its opinion on Isuani's appeal of the temporary injunction —110 days after the trial court had rendered its final judgment on the merits of the cause.

■■■ If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot. *Conway v. Irick*, 429 S.W.2d 648, 650 (Tex. Civ.App.—Ft. Worth 1968, writ ref'd); *Texas City v. Community Pub. Serv. Co.*, 534 S.W.2d 412, 415 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). When a case becomes moot on appeal, all previous orders pertaining to the temporary injunction are set aside by the appellate court and the case is dismissed. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952). The rules of law concerning dismissal of an appeal from a temporary injunction after it has been rendered moot by a final judgment are necessary to prevent premature review of the merits of the case. *See Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981) (ruling on temporary injunction by appellate court may not be used to obtain advance ruling on merits of case concerning permanent injunction); *Brooks v. Expo Chem. Co.*, 576 S.W.2d 369, 370 (Tex.1979) (it will not be assumed that evidence taken at preliminary hearing on temporary injunction will be same as evidence developed at trial on merits); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978) (effect of premature review of merits is to deny opposing party right to trial by jury).

■■ In the instant case, the court of appeals did not dismiss Isuani's appeal even though the trial court had rendered final judgment after a trial on the merits and rendered a permanent injunction against Isuani. The reason given by the court for its action is that the trial court abused its discretion in enjoining Isuani

from practicing his subspecialties. According to the court, the trial court's injunction is injurious to the public. Although it acknowledges the general rules about temporary injunctions and mootness, the court notwithstanding writes, "Here, however, the public health, the public welfare and public weal paramountly intervene and supersede the usual rule." 798 S.W.2d at 353. Rather than attempting to decide this case on its merits, the court of appeals should have dismissed the appeal as moot as soon as it learned of the trial court's final judgment.

Without hearing oral argument,[1] this court now holds that the court of appeals erred in modifying the temporary injunction and affirming it as such, because the trial court's final judgment on the merits rendered Isuani's appeal from the temporary injunction moot.

Therefore, a majority of this court reverses the court of appeals, dissolves all previous orders pertaining to the temporary injunction and orders the court of appeals to dismiss Isuani's appeal from the temporary injunction.