TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00091-CV







Kirk Wayne McBride, Appellant



v.



Jack Bremer, Sheriff; Comal County Detention Center; Brian John, 


Jail Administrator; Bill Collins, Assistant Jail Administrator; and 


Sergeant T. Schroeder, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C93-694-C, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM




 Appellant Kirk Wayne McBride appeals from an order of the district court of
Comal County denying his request for a temporary injunction in his suit against appellees Jack
Bremer, Sheriff; the Comal County Detention Center; Brian John, the jail administrator; Bill
Collins, the assistant jail administrator; and Sergeant T. Schroeder. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.14(4) (West Supp. 1995); Tex. R. App. P. 42(a)(1). Because the trial court has
rendered a final order in the underlying proceeding, we will dismiss this appeal as moot.

 The trial court signed the order denying McBride's request for injunctive relief on
January 1, 1994. McBride timely perfected his appeal; however, this Court did not receive the
transcript and statement of facts until February 25. See Tex. R. App. P. 42(a)(3) (record is due
in an accelerated appeal thirty days after trial court signs order appealed from). The Clerk of this
Court notified McBride of the late receipt of the record; he responded with a motion to continue
the appeal explaining the reasons for the delay.

 In the meantime, the trial court signed a final order dismissing the claims in the
underlying cause. (1) See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp. 1995). If a
trial court renders a final judgment during the appeal of an order denying injunctive relief, the
cause on appeal becomes moot. Isuani v. Manske-Sheffield Radiology Group, P.A., 802 S.W.2d
235, 236 (Tex. 1991); PCA Health Plans of Tex., Inc. v. Rapoport, 882 S.W.2d 522, 525 (Tex.
App.--Austin 1994, no writ). When a case becomes moot on appeal, the appellate court must set
aside all orders relating to the temporary injunction and dismiss the cause. Isuani, 802 S.W.2d
at 236; Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 248 S.W.2d
460, 461 (Tex. 1952); Texas Dep't of Health v. Long, 659 S.W.2d 158, 161 (Tex. App.--Austin
1983, no writ). To decide the appeal under these circumstances would constitute an advisory
opinion on an abstract question of law. Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass
Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e). On the other hand, to
dismiss only the appeal would effectively affirm the trial court judgment without considering any
assignments of error. Texas Foundries, Inc., 248 S.W.2d at 461.

 Accordingly, we set aside the order denying McBride's request for injunctive relief
and dismiss the portion of the cause pertaining to the request for temporary injunctive relief. Id. 
We also dismiss the motion to continue the appeal.


Before Chief Justice Carroll, Justices Jones and Kidd

Order Set Aside and Cause Dismissed

Filed: May 31, 1995

Do Not Publish
1. [1] McBride perfected his appeal from that final order, which this Court affirmed. McBride v.
Bremer, No. 3-94-00236-CV (Tex. App.--Austin May 31, 1995, no writ h.).