TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00165-CV







Odessa Tannehill, Appellant



v.



Building & Standards Commission and the Department of Planning


& Development of the City of Austin, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 95-02353, HONORABLE MARGARET COOPER, JUDGE PRESIDING







PER CURIAM


 Appellant Odessa Tannehill sought judicial review of an order of appellee
Building and Standards Commission directing that two buildings she owns be demolished. See
Tex. Loc. Gov't Code Ann. § 54.039 (West Supp. 1995). Tannehill also sought a temporary
injunction to enjoin demolition of the buildings pending review of the order. See Tex. Loc. Gov't
Code Ann. § 54.039(e) (West Supp. 1995). Tannehill now appeals from the trial-court order
denying her request for temporary injunctive relief. See Tex. Civ. Prac. & Rem. Code Ann. §
51.14(4) (West Supp. 1995); Tex. R. App. P. 42(a)(1). Because the trial court has issued a final
order in the underlying proceeding, we will dismiss the appeal as moot.

 The trial court dismissed the cause below based on appellees Building & Standards
Commission and the Department of Planning & Development's plea to the jurisdiction. If a trial
court renders a final judgment during the appeal of an order denying injunctive relief, the cause
on appeal becomes moot. Isuani v. Manske-Sheffield Radiology Group, P.A., 802 S.W.2d 235,
236 (Tex. 1991); PCA Health Plans of Tex., Inc. v. Rapoport, 882 S.W.2d 522, 525 (Tex.
App.--Austin 1994, no writ). When a case becomes moot on appeal, the appellate court must set
aside all orders relating to the temporary injunction and dismiss the cause. Isuani, 802 S.W.2d
at 236; Texas Foundries, Inc. v. International Moulders & Foundry Workers Union, 248 S.W.2d
460, 461 (Tex. 1952); Texas Dep't of Health v. Long, 659 S.W.2d 158, 161 (Tex. App.--Austin
1983, no writ). To decide the appeal under these circumstances would constitute an advisory
opinion on an abstract question of law. Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass
Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e.). On the other hand, to
dismiss only the appeal would effectively affirm the trial-court judgment without consideration
of any assignments of error. Texas Foundries, Inc., 248 S.W.2d at 461.

 Accordingly, we set aside the order denying Tannehill's request for temporary
injunctive relief and dismiss the portion of the cause pertaining to the request for temporary
injunctive relief. Id. We express no opinion as to merits of the order granting the plea to the
jurisdiction, which is not before this Court for review in this appeal. See Davis v. Huey, 571
S.W.2d 859, 861-62 (Tex. 1978); Public Util. Comm'n v. Coalition of Cities for Affordable Util.
Rates, 776 S.W.2d 224, 226 (Tex. App.--Austin 1989, no writ) (in interlocutory appeal, review
is confined to validity of order that denies injunctive relief).

 On March 30, 1995, this Court issued its order and writ of injunction enjoining
appellees from proceeding with enforcement of the demolition order pending disposition of this
appeal. See Tex. R. App. P. 43(c); Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n, 786
S.W.2d 789, 790 (Tex. App.--Houston [1st Dist.] 1990, no writ). Our order and writ remain in
effect until this Court issues its order dissolving its order and writ of injunction.


Before Justices Powers, Aboussie and Kidd

Order Set Aside and Cause Dismissed

Filed: October 25, 1995

Do Not Publish



" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00165-CV







Odessa Tannehill, Appellant



v.



Building & Standards Commission and the Department of Planning


& Development of the City of Austin, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 95-02353, HONORABLE MARGARET COOPER, JUDGE PRESIDING







PER CURIAM


 Appellant Odessa Tannehill sought judicial review of an order of appellee
Building and Standards Commission directing that two buildings she owns be demolished. See
Tex. Loc. Gov't Code Ann. § 54.039 (West Supp. 1995). Tannehill also sought a temporary
injunction to enjoin demolition of the buildings pending review of the order. See Tex. Loc. Gov't
Code Ann. § 54.039(e) (West Supp. 1995). Tannehill now appeals from the trial-court order
denying her request for temporary injunctive relief. See Tex. Civ. Prac. & Rem. Code Ann. §
51.14(4) (West Supp. 1995); Tex. R. App. P. 42(a)(1). Because the trial court has issued a final
order in the underlying proceeding, we will dismiss the appeal as moot.

 The trial court dismissed the cause below based on appellees Building & Standards
Commission and the Department of Planning & Development's plea to the jurisdiction. If a trial
court renders a final judgment during the appeal of an order denying injunctive relief, the cause
on appeal becomes moot. Isuani v. Manske-Sheffield Radiology Group, P.A., 802 S.W.2d 235,
236 (Tex. 1991); PCA Health Plans of Tex., Inc. v. Rapoport, 882 S.W.2d 522, 525 (Tex.
App.--Austin 1994, no writ). When a case becomes moot on appeal, the appellate court must set
aside all orders relating to the temporary injunction and dismiss the cause. Isuani, 802 S.W.2d
at 236; Texas Foundries, Inc. v. International Moulders & Foundry Workers Union, 248 S.W.2d
460, 461 (Tex. 1952); Texas Dep't of Health v. Long, 659 S.W.2d 158, 161 (Tex. App.--Austin
1983, no writ). To decide the appeal under these circumstances would constitute an advisory
opinion on an abstract question of law. Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass
Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e.). On the other hand, to
dismiss only the appeal would effectively affirm the trial-court judgment without consideration
of any assignments of error. Texas Foundries, Inc., 248 S.W.2d at 461.

 Accordingly, we set aside the order denying Tannehill's request for temporary
injunctive relief and dismiss the portion of the cause pertaining to the request for temporary
injunctive relief. Id. We express no opinion as to merits of the order granting the plea to the
jurisdiction, which is not before this Court for review in this appeal. See Davis v. Huey, 571
S.W.2d 859, 861-62 (Tex. 1978); Public Util. Comm'n v. Coalition of Cities for Affordable Util.
Rates, 776 S.W.2d 224, 226 (Tex. App.--Austin 1989, no writ) (in interlocutory appeal, review
is confined to validity of order that denies injunctive relief).

 On March 30, 1995, this Court issued its order and writ of injunction enjoining
appellees from proceeding with enforcement of the demolition order pending disposition of this
appeal. See Tex. R. App. P. 43(c); Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n, 786
S.W.2d 789, 790 (Tex. App.--Houston [1st Dist.] 1990, no writ). Our order and writ remain in
effect until this Court issues its order dissolving its order and writ of injunction.


Before Justices Powers, Aboussie and Kidd

Order Set As