NUMBER 13-02-287-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

EDWINA D. STRANAHAN, 

INDIVIDUALLY,
STRANAHAN 

TRUST B, DECEDENT'S
TRUST, 

LEONA JEAN MASHTARE, 

INDIVIDUALLY,
MASHTARE, INC., 

D/B/A ERA PARADISE REALTY,                                            Appellants,

 

                                                   v.

 

BOBBY
J. LAY AND DEBRA L. LAY,                                        Appellees.

 

 



                         On appeal from the 36th District Court

                                 of Aransas
County, Texas.

 



 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices Dorsey
and Rodriguez

                                  Opinion by Justice Dorsey

 








By this
accelerated interlocutory appeal, appellants seek to set aside a temporary
injunction granted by the 36th Judicial District Court.  The injunction prohibited appellants from
prosecuting their forcible detainer suit against appellees in justice of the
peace court, pending the outcome of appellees= suit for legal title to the home, the
property subject to the forcible detainer suit. 
We dismiss the appeal as moot.

                                          I. Factual Background

                                        And Procedural History

 

On February 17,
2000, Bobby and Debra Lay executed a residential lease agreement on a home in
Rockport, Texas.  Appellant, Stranahan
Trust B, Decedent=s Trust (the ATrust@) owned the
home, and Edwina Stranahan was the trustee. 
In conjunction with the lease, the Lays executed a sales contract on the
home.  While the Lays were tenants in
possession of the home, but prior to the closing date of the sales contract, a
dispute arose between the Lays and Stranahan concerning a casualty loss to the
home.  When Stranahan failed to either
repair the home or assign the insurance proceeds, the Lays stopped making the $900
monthly rent payments as required by the residential lease agreement.[1]









In October
2001, the Trust filed a forcible detainer suit against the Lays in justice
court, seeking to evict them for failing to pay rent.  The Lays, in turn, sued appellants in the
36th Judicial District Court for legal title to the home.  They also filed an AApplication to
Enjoin Further Proceedings in Subsequent Suit,@ alleging that the 36th Judicial District
Court had exclusive jurisdiction of the matters raised in the forcible detainer
suit.  After a hearing, the trial court
granted a temporary injunction enjoining appellants from interfering with the
Lays= right of
possession, pending the outcome of the Lays= suit for legal title to the home.

The Lays tried
their suit for legal title to a jury, which found that appellants complied with
the residential lease agreement and that the Lays failed to comply with the
residential lease agreement.  The
district court signed a final judgment in the case on October 28, 2002.  Thus, the issue is whether entry of the final
judgment has rendered this appeal moot.

                                                     II. Analysis








The Texas
Supreme Court has stated that if, during the pendency of the appeal of the
granting or denying of the temporary injunction, the trial court renders final
judgment, the case on appeal becomes moot. 
Isuani v. Manske‑Sheffield Radiology Group, P.A., 802
S.W.2d 235, 236 (Tex. 1991).  When a case
becomes moot on appeal, all previous orders pertaining to the temporary
injunction are set aside by the appellate court, and the case is dismissed.  Id. (citing Texas Foundries, Inc.
v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248
S.W.2d 460, 461 (Tex. 1952)).  The rules
of law concerning dismissal of an appeal from a temporary injunction after it
has been rendered moot by a final judgment are necessary to prevent premature
review of the merits of the case.  Isuani,
802 S.W.2d at 236.  See Iranian Muslim
Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex. 1981) (ruling on
temporary injunction by appellate court may not be used to obtain advance
ruling on merits of case concerning permanent injunction); Brooks v. Expo
Chem. Co., 576 S.W.2d 369, 370 (Tex. 1979) (it will not be assumed that
evidence taken at preliminary hearing on temporary injunction will be same as
evidence developed at trial on merits); Davis v. Huey, 571 S.W.2d 859,
862 (Tex. 1978) (effect of premature review of merits is to deny opposing party
right to trial by jury).

We DISMISS the
appeal as moot.

 

J. BONNER DORSEY

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 27th day of November, 2002.

 











[1]The lease agreement
was to cover the Lays= occupancy of the home
up to March 1, 2001, the closing date for the sales contract.