Mark Sutton v. Lloyd Sutton, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-052-CV

LLOYD MARK SUTTON APPELLANT

A/K/A MARK SUTTON

V.

LLOYD P. SUTTON, DANIEL C. APPELLEES

SUTTON, PAULA L. WHITE, AND 

BOB DAY

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lloyd Mark Sutton perfected this interlocutory appeal from the trial court’s rulings granting a temporary injunction in favor of Lloyd P. Sutton, Daniel C. Sutton, Paula L. White, and Bob Day (collectively Appellees) and refusing his request for a temporary injunction.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (Vernon 1997).  On July 22, 2005, during the pendency of this appeal, the trial court signed a final judgment, disposing of all claims and all parties.  
See id.
 § 51.014(b).  On July 28, 2005, in light of the trial court’s final judgment, Appellees filed a motion to dismiss this interlocutory appeal as moot.   

A justiciable controversy must exist between the parties at every stage of the legal proceedings, including the appeal.  
Williams v. Lara
, 52 S.W.3d 171, 184 (Tex. 2001).  Accordingly, if a controversy ceases to exist—“the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome”—the case becomes moot.  
Id.
 (quoting 
Murphy v. Hunt
, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982)); 
see also Isuani v Manske-Sheffield Radiology Group, P.A.
, 802 S.W.2d 235, 236 (Tex. 1991).  If a case becomes moot, the parties lose their standing to maintain their claims.  
Williams
, 52 S.W.3d at 184. 

The trial court’s final judgment renders the issues presented in this interlocutory appeal moot.  Accordingly, we grant Appellees’ motion and dismiss the interlocutory appeal as moot. 

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.