COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

                      NUMBER 13-06-069-CV

 

PINTAIL PRODUCTION COMPANY,
INC.,                      Appellant,

 

                                           v.

 

OSPREY PETROLEUM COMPANY, INC. 

AND OSPREY PETROLEUM PARTNERS, L.P.,                Appellees.

___________________________________________________________________

 

 On appeal
from the 105th District Court of Nueces County,
Texas.

___________________________________________________  _______________

                                      

                             NUMBER
13-06-151-CV

 

             IN
RE:  PINTAIL PRODUCTION COMPANY, INC.

___________________________________________________________________

 

      On
Petition for Writ of Injunction and Writs of Mandamus.

___________________________________________________  _______________

 








                     MEMORANDUM
OPINION[1]

                                                    

        Before
Chief Justice Valdez and Justices Rodriguez and Castillo 

                             Memorandum
Opinion Per Curiam

 

This appeal and
the request for a writ of injunction and writs of mandamus arise out of a
dispute between oil and gas operators, Osprey Petroleum Company, Inc. and
Osprey Petroleum Partners, L.P. (Osprey), and working interest owner, Pintail
Production Company, Inc. (Pintail).

I.  Background








Osprey and
Pintail filed various tort and contract claims against each other in the
underlying lawsuit.  On January 2, 2006,
the trial court granted Osprey's no-evidence motions for summary judgment
against Pintail.  On January 10, 2006, Pintail filed a motion for
temporary injunction and on January 25, an amended motion for temporary
injunction,
claiming an interest in, and seeking to block the distribution of,
approximately $10,000,000 (plus accrued interest) that (1) Osprey had placed in
an escrow account jointly administered by Osprey and plaintiff Union Oil
Company of California (Unocal) in connection with litigation between those
parties, and (2) was to be released back to Osprey upon the settlement of the
Unocal-Osprey litigation.[2]  Pintail also moved for an evidentiary hearing
on its motion for temporary injunction. 
Pintail requested that its temporary injunction remain in place
"until all appellate remedies have been exhausted."

At a January 26, 2006 hearing, the trial court denied Pintail's motion
for temporary injunction and its request for an evidentiary hearing.  During the hearing, Osprey also nonsuited its
claims against Pintail.  That same day,
the trial court signed a final judgment that "dispose[d] of all parties
and all claims and is appealable."[3]

II.  Interlocutory Appeal from
Denial of Temporary Injunction

A.  Analysis

On March 20, 2006, Pintail filed an appeal in cause number
13-06-069-CV from the trial court's denial of its motion for temporary
injunction.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon
Supp. 2005) ("A person may appeal from an interlocutory order of a
district court . . . that . . . refuses a temporary injunction . . . ."); Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  However, a final judgment renders an appeal
relating to the grant or the denial of a temporary injunction moot.  See Isuani v. Manske‑Sheffield Radiology
Group, P.A., 802 S.W.2d 235, 236 (Tex. 1991) (per curiam); see also City
of Corpus Christi v. Public Util. Comm'n, 572 S.W.2d 290, 297 (Tex. 1978)
(providing that an "interlocutory order is by definition an order made
pending the cause, before a final disposition on the merits.")
(Emphasis added).








The trial court has tried the cause on the merits and entered final
judgment in this summary judgment proceeding. 
Thus, this appeal relating to the denial of Pintail's motion for
temporary injunction is moot.

B.  Conclusion

Accordingly, this Court, having considered the documents on file and
Osprey's motion to dismiss the appeal, Pintail's response, and Osprey's reply,
is of the opinion that the motion should be granted.  Osprey's motion to dismiss is granted, and Pintail's
appeal of the trial court's denial of its motion for temporary injunction and
the evidentiary hearing is hereby dismissed as moot.

III.  Petition for Writ of
Injunction and Writs of Mandamus

Additionally, on March 30, 2006, relator Pintail, filed a petition for
writ of injunction and writs of mandamus in cause number 13-06-151-CV, and, on
April 17, 2006, real party in interest, Osprey, filed its response to the
petition.

A.  Writ of Injunction

"A court of appeals is authorized to issue all writs necessary to
enforce its  jurisdiction."  In re Gruebel, 153 S.W.3d 686, 688‑89
(Tex. App.BTyler 2005, orig.
proceeding) (citing Tex. Gov't Code Ann.
' 22.221(a) (Vernon
2004)).  "If an appeal pending
before this Court becomes moot, we lose jurisdiction over it."  Id (citing Valley Baptist Med. Ctr.
v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)).  Having decided the interlocutory appeal is
moot, we have no authority to issue the writ of injunction.








B.  Writs of Mandamus

The issues raised
by Pintail in its petition for writs of mandamus address whether the trial
court abused his discretion (1) in denying Pintail's motion for leave to
supplement pleadings and reopen discovery; (2) in denying Pintail's motion to
reconsider or clarify the summary judgment order; and (3) in entering a final
judgment in the underlying litigation without allowing Pintail the opportunity
to present evidence and obtain jury findings on its pled claims and defenses
which Pintail asserts were not addressed in Osprey's motions for summary
judgment.  We conclude, however, Pintail
is not entitled to a writ of mandamus because it has an adequate remedy by
appeal.  Compare, e.g., In re W. Star
Trucks US, Inc., 112 S.W.3d 756, 763 (Tex. App.BEastland 2003, orig. proceeding) (providing that
denial of leave to supplement pleadings is not a ground for mandamus), with,
e.g., Friesenhahn v. Ryan, 960 S.W.2d 656, 659 (Tex. 1998) (addressing
complaint about denial of leave to supplement or amend in traditional appeal); see,
e.g., Chessher v. Southwestern Bell Tel., 658 S.W.2d 563, 564 (Tex. 1983); Southwestern
Clinic of Bone & Joint Diseases v. Farmers Ins. Group, 850 S.W.2d 760,
754 (Tex. App.BCorpus Christi 1993, no writ) (providing a judgment
may be reversed via traditional appeal if an appellate court determines that
the trial court has based a summary judgment on causes of action not addressed
in a motion for summary judgment).

 

 








C.  Conclusion

The Court, having examined and fully considered the petition for writ
of injunction and writs of mandamus, its record, and the response, is of the
opinion that Pintail has not shown itself entitled to the relief sought.  Accordingly, Pintail's petition for writ of
injunction and writs of mandamus is denied. 
See Tex. R. App. P. 52.8(a).

 

PER
CURIAM

 

Memorandum Opinion
delivered and 

filed this 20th day of
April, 2006.

 











[1]As this is a memorandum opinion and
all issues of law presented by this case are well settled and the parties are
familiar with the facts, we will not recite the law and the facts in this
memorandum opinion except as necessary to advise the parties of the Court=s decision and the basic reasons
for it.  See Tex. R. App. P. 47.1, 47.4.





[2]On January 4, 2006, Unocal settled
with Osprey, and on January 6, 2006, the claims between Unocal and Osprey were
dismissed.  On January 26, 2006, the
trial court signed an agreed order dismissing claims between Unocal and
Pintail. Thus, all claims by and against Unocal were dismissed with prejudice
pursuant to settlement agreements entered into between Unocal and Osprey and
Unocal and Pintail.  Unocal is
not a party to this appeal.





[3]A notice of appeal from the final
judgment in the underlying case has not yet been filed.