**Opinion filed April 23, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00053-CV

_____

## CAROL J. MORRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV46715**

## M E M O R A N D U M   O P I N I O N

A temporary injunction was issued against Carol J. Morris to abate a nuisance located on real property owned by Morris and located at 210 S. Lee Street, Midland, Texas. On February 11, 2009, Morris, pro se, filed this appeal from the temporary injunction. We dismiss the appeal as moot.

Fifteen days after Morris filed her notice of appeal relating to the temporary injunction, the trial court held a "final hearing" in the underlying case. Based upon that hearing, the trial court rendered a final judgment and permanent injunction on March 2, 2009. Morris has also filed a pro se appeal from the final judgment and permanent injunction – our Cause No. 11-09-00072-CV.

Upon receiving the latter notice of appeal and the trial court's final judgment, the clerk of this court wrote Morris on March 23, 2009, and informed her that her appeal of the temporary injunction appears to be moot because of the issuance of the permanent injunction. Morris was requested to provide this court with a written response showing grounds to continue the appeal in Cause No. 11-09-00053-CV.

Morris has responded in writing but has not shown grounds for continuing the appeal from the temporary injunction. Morris asserts that we have renumbered her appeal, that both injunctive orders violate the Texas Rules of Civil Procedure, that this court has "unlawfully withheld the appeal," and that Morris "chooses to continue these appeals" in an effort "to obtain her entitled equitable and compensatory relief." Morris cites *Smith v. O'Neill*, 813 S.W.2d 501 (Tex. 1991), and *Murphy v. McDaniel*, 20 S.W.3d 873 (Tex. App.—Dallas 2000, no pet.). Neither of these cases, however, support the continued viability of this appeal.

"If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot." *Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991). The court in *Isuani* determined that the court of appeals should have dismissed the appeal of the temporary injunction as moot as soon as it learned of the trial court's final judgment. *Id.* at 237. Accordingly, having learned that the trial court has entered a final judgment in the underlying case, we must dismiss this appeal of the trial court's granting of a temporary injunction.[1]

The appeal is dismissed as moot.

PER CURIAM

April 23, 2009

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

---

[1]We note, however, that Morris's appeal from the final judgment remains pending at this time in this court in Cause No. 11-09-00072-CV.