# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-17-00828-CV

**Neurodiagnostic Consultants, LLC d/b/a Synaptic Resources of Austin, LLC, a Texas Limited Liability Company, Appellant**

**v.**

**Melody Nallia, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-17-004696, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Neurodiagnostic Consultants, LLC d/b/a Synaptic Resources of Austin, LLC (Synaptic) filed suit against Melody Nallia, a former employee, to enforce non-compete and non-solicitation clauses in Nallia's employment contract. The trial court reformed the non-compete clause to reduce its duration and geographic scope and granted a temporary injunction restraining Nallia from violating either clause. Synaptic then perfected this interlocutory appeal of the trial court's reformation of the non-compete clause. Nallia has filed a motion to dismiss the appeal as moot because the trial court has rendered a final judgment.

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). Texas courts lack jurisdiction over moot cases because any

decision would constitute an improper advisory opinion. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). "If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot." *Isuani v. Manske-Sheffield Radiology Grp.*, 802 S.W.2d 235, 236 (Tex. 1991). This rule is "necessary to prevent premature review of the merits of the case." *Id.*

Nallia argues that the trial court has mooted this appeal by rendering a final judgment dismissing all of Synaptic's claims against her under the Texas Citizens' Participation Act (TCPA).[1] *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011. Synaptic responds that the case is not moot because a dismissal under the TCPA is "not a dismissal on the full merits after [a] trial." As a result, Synaptic reasons, a decision from this Court overturning or modifying the temporary injunction "will have a direct effect on Synaptic's appeal of the final judgment." A temporary injunction typically "operates until dissolved by an interlocutory order or until the final hearing," and Synaptic does not offer any contrary authority. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (quoting *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex. 1980)). Moreover, the injunction here expressly provides that it expires upon entry of a final judgment. Even though the TCPA required the trial court to decide Nallia's motion to dismiss without a full trial, there is no dispute that the trial court's order qualifies as a final judgment because it fully disposed of all Synaptic's claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001) (holding that a judgment issued without a conventional trial is final for purposes of appeal if it

---

[1] This Court docketed Synaptic's appeal of the trial court's judgment under cause No. 03-18-00609-CV.

"actually disposes of all claims and parties then before the court").[2]  The temporary injunction expired by its own terms, and any challenges to its validity are now moot.[3]  *See Isuani*, 802 S.W.2d at 236; *see also National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot.").

Having concluded that Synaptic's appeal is moot, we grant Nallia's motion and dismiss the appeal for want of jurisdiction.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Bourland, and Toth

Dismissed for Want of Jurisdiction

Filed:   November 27, 2018

---

[2]  The trial court severed Synaptic's claims against Nallia from its claims against other defendants before granting Nallia's motion to dismiss.

[3]  Accordingly, we express no opinion on whether reformation of a non-compete clause at the preliminary-injunction stage is permissible.