**Opinion issued June 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01027-CV

———————————

## EARNEST TAYLOR AND LISA TAYLOR D/B/A T & S ENTERPRISES, Appellants

## V.

## ALFREDO CANTU, LYNN A. CANTU, VELA RANCH, L.L.C., AND BRAZORIA COUNTY, TEXAS, Appellees

---

### On Appeal from the 23rd District Court
### Brazoria County, Texas
### Trial Court Case No. 818916-CV

---

## MEMORANDUM OPINION

Appellants Earnest and Lisa Taylor d/b/a T & S Enterprises appeal from the

trial court's order granting a temporary injunction against them in their suit over

property ownership against appellees Alfredo and Lynn Cantu. In two issues, the Taylors contend that the trial court abused its discretion in signing its June 25, 2018 temporary injunction order because the order fails to (1) fix the amount of security to be given by the Cantus and (2) set forth whether the order was necessary to prevent injury to the Cantus and how the Cantus would be injured in the interim. Appellants argue that the order fails to comply with Texas Rules of Civil Procedure 683 and 684 and is, therefore, void. We dismiss the appeal as moot.

## Background

On June 3, 2015, the Taylors filed suit against the Cantus asserting claims for trespass to try title and nuisance. In their petition, the Taylors alleged that they were the owners of a tract of land located in Brazoria County and that the Cantus trespassed on their property and caused damage to it, thereby creating a permanent nuisance. The Taylors sought to recover actual damages, exemplary damages, attorney's fees, a temporary restraining order, a temporary injunction, and court costs. On June 3, 2015, the trial court granted the Taylors' application for a temporary restraining order and set a hearing on their application for a temporary injunction for June 12, 2015.

On June 10, 2015, Brazoria County intervened in the suit and sought a temporary and permanent injunction as well as declaratory relief. In its petition, Brazoria County alleged that the property in question—a 40-foot wide platted

2

road/right-of-way that abuts and is perpendicular to County Road 192—was dedicated to the public as reflected in a 1911 Plat. Brazoria County further alleged that the Taylors, despite being previously notified that a public road/right-of-way existed that was dedicated to the public, repeatedly attempted to block and deny the public's access to the road/right-of-way.

On June 22, 2015, the Cantus filed their original answer. That same day, the trial court signed an order denying the Taylors' request for a temporary injunction.

On October 1, 2018, the Cantus filed their original counterpetition and applications for temporary restraining order, temporary injunction, and permanent injunction, and for declaratory relief. In their pleading, the Cantus alleged that the Taylors do not own the 40-foot road/right-of-way dedicated to the public. The Cantus sought a declaration that the Taylors have no ownership interest in the road/right-of-way which is, and continues to be, dedicated to the public. The Cantus also requested temporary and permanent injunctive relief preventing the Taylors from obstructing access to the property in question and interfering with, among other things, the Cantus' right to use the disputed property. The Cantus also requested an award of attorney's fees. That same day, the trial court granted the Cantus' application for a temporary restraining order and set a hearing for temporary orders on October 8, 2018, which was later reset to October 18, 2018.

On October 10, 2018, Brazoria County filed its second amended original petition in intervention and requests for temporary and permanent injunctive relief and declaratory judgment. In its amended pleading, Brazoria County alleged that the Taylors' property had been sold at foreclosure on December 6, 2016, and that the current property owner was Vela Ranch, L.L.C., which Brazoria County sued as a third-party defendant in its second amended petition. Brazoria County further alleged that, despite a successful foreclosure, the Taylors continued to occupy the property and obstruct use of the public road/right-of-way. Brazoria County sought injunctive relief preventing the Taylors from interfering with the public's right to use the road/right-of-way as well as a declaratory judgment that the Taylors have no ownership interest in the title to the road in question and that the road/right of way is public.

On October 18, 2018, the trial court held a temporary injunction hearing. At the hearing, the trial court stated,

> This is a hearing for a temporary injunction. And this one is on June 22, 2015, yeah, I had a temporary injunction hearing. Parties were reversed. I guess at that point the Taylors were asking for an injunction against the Cantus, and what I understand now it's the other way around. The Cantus are asking for an injunction against the Taylors.

At the hearing, the parties stipulated to the terms of the previously entered temporary restraining order and asked the court to determine the width of the public

road/right-of-way.[1] Several witnesses testified and numerous exhibits were admitted into evidence. At the conclusion of the hearing, the trial court stated, "I approve the stipulations of the parties, of course. And I do further find that the easement is 40 feet. I will grant the injunction as requested." On October 25, 2018, the trial court signed a temporary injunction order.

On November 29, 2018, Brazoria County filed its traditional and no-evidence motion for summary judgment against the Taylors, which the Cantus adopted on November 30, 2018. On December 17, 2018, Brazoria County filed objections, a motion to strike inadmissible evidence, and a summary judgment reply. On December 21, 2018, the trial court signed orders (1) sustaining Brazoria County's objections to the Taylors' use of (a) a warranty deed from Vela Ranch to the Taylors dated October 15, 2018 and (b) the Taylors' pleadings as summary judgment evidence, and striking the evidence from the summary judgment record; (2) granting Brazoria County's traditional and no-evidence summary judgment motion; and (3) granting the Cantus' traditional and no-evidence summary judgment motion. The Taylors filed an interlocutory appeal of the trial court's order.

On April 9, 2019, the trial court signed a declaratory judgment.

---

[1] The Taylors contended that it was 30 feet wide and the Cantus and Brazoria County argued that it was 40 feet wide.

## Discussion

In two issues, the Taylors contend that the trial court abused its discretion by signing a void temporary injunction order on October 25, 2018. First, they argue that the order is void because it fails to fix the amount of security to be given by the Cantus as required by Texas Rule of Civil Procedure 684. Second, they assert that the order is void because it fails to set forth whether the order was necessary to prevent injury to the Cantus in the interim and how the Cantus would be injured in the interim, as required by Texas Rule of Civil Procedure 683.

In their original brief on appeal, Brazoria County and the Cantus argued that (1) the Taylors' interlocutory appeal is moot because the trial court granted Brazoria County's and the Cantus' traditional and no-evidence motions for summary judgment and dismissed the Taylors from the underlying case; (2) even if the interlocutory appeal is not moot, the trial court did not abuse its discretion because the Taylors stipulated to the terms of the temporary injunction order and never objected to its form in the trial court; and (3) the form of the trial court's order is sufficient under applicable law.

In a supplemental brief, Brazoria County contends that this Court should dismiss the Taylors' interlocutory appeal as moot because the trial court recently signed a declaratory judgment that finally disposes of all parties and all claims in the case.

## A. Applicable Law

When a trial court renders a final judgment while an appeal of an order granting or denying a temporary injunction is pending, the temporary injunction order becomes moot. *Isuani v. Manske–Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991); *Jordan v. Landry's Seafood Restaurant, Inc.*, 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet denied). When a case becomes moot on appeal, all previous orders pertaining to the temporary injunction are set aside by the appellate court and the case is dismissed. *Isuani*, 802 S.W.2d at 236. A judgment issued without a conventional trial is final for purposes of appeal if it either (1) actually disposes of all claims and parties then before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see also Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015). Texas courts lack jurisdiction over moot cases because any decision would constitute an improper advisory opinion. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016).

## B. Analysis

On April 9, 2019, the trial court signed a declaratory judgment which stated, in relevant part: "This PERMANENT AND FINAL JUDGMENT finally disposes of all parties and all claims in this case." *See Lehmann*, 39 S.W.3d at 192–93 (stating

7

judgment is final for purposes of appeal if it "states with 'unmistakable clarity' that it is a final judgment as to all claims and all parties"). The trial court's April 19, 2019 judgment is a final order that rendered the Taylors' interlocutory appeal of the trial court's temporary injunction order moot. *See Isuani*, 802 S.W.2d at 236. Accordingly, we dismiss the appeal.

## Conclusion

We dismiss the appeal as moot.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.