# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-22-00228-CV
_____

**TYLER EPSTEIN, TRUSTEE OF THE ELMWOOD REVOCABLE TRUST, Appellant**

**V.**

**THOMAS TIMBER INVESTMENTS, LLC, FOSTER TIMBER, LTD., RED HORSE LAND AND CATTLE, LLC, MCADAMS PROPERTIES, LTD., JOHNNIE L. WADE, JAMES W. HOBSON, DENISLA K. HOBSON, MICHAEL R. THOMAS, LEE ANN THOMAS, MAGGIE BANKSTON, DOUGLAS BANKSTON, AND MICHAEL BANKSTON, Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV21-0338**

## MEMORANDUM OPINION

In this interlocutory appeal, Tyler Epstein, Trustee of the Elmwood Revocable Trust, appealed from the trial court's Temporary Injunction Order of June 29, 2022. While the appeal was pending with this Court, a bench trial was held on the merits of the case. A supplemental clerk's record was filed that includes a Final Judgment

1

signed on May 25, 2023, and the Final Judgment includes language that dissolved the temporary injunction being appealed and disposed of all claims and parties.

On June 30, 2023, this Court notified the parties of the filing of the supplemental record and requested that the parties file a response explaining why the accelerated appeal should not be dismissed as moot. Appellant filed a response, acknowledging that once the trial court's judgment becomes final, this appeal will be moot and should be dismissed. Appellees filed a response, arguing that "[t]here is no need to dismiss the present appeal as it should be included in any future appeal from the trial court's Final Judgment[,]" and that "the temporary injunction, and the appeal therefrom, should be maintained as to preserve the property" of certain Appellees/Defendants that were granted summary judgment.

"If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot." *Isuani v. Manske-Sheffield Radiology Grp.*, 802 S.W.2d 235, 236 (Tex. 1991); *see Qwest Communs. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (A temporary injunction usually operates until dissolved or until a final hearing.); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (When a temporary injunction becomes inoperative because it has been dissolved by the trial court, the issue of its validity is moot and an appellate court decision regarding the temporary injunction's validity would constitute an impermissible advisory opinion.).

2

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (When an appeal becomes moot, the appellate court must dismiss the appeal for want of jurisdiction).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 26, 2023
Opinion Delivered August 17, 2023

Before Golemon, C.J., Horton and Johnson, JJ.