In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00109-CV**
_____

**DITCO, LLC – SERIES REAL ESTATE, Appellant**

**V.**

**WILLIAM CHAMBERS AND SHERRY CHAMBERS, Appellees**

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-02-02675-CV**

## MEMORANDUM OPINION

In this interlocutory appeal, Ditco, LLC – Series Real Estate (hereinafter "Ditco") appealed from the trial court's order of March 22, 2023, denying Ditco's Application for Temporary Injunction. While the appeal was pending with this Court, the trial court granted summary judgment in favor of Appellees William Chambers and Sherry Chambers, and Ditco filed a separate appeal of that judgment with this Court. In Ditco's appeal from the summary judgment, a supplemental

clerk's record was filed that includes a Judgment signed on October 23, 2023, and the Judgment includes language that it disposed of all claims and parties.

On March 21, 2024, this Court notified the parties in this appeal of the filing of the supplemental record with the Final Judgment and requested that the parties file a response by April 1, 2024 explaining why this interlocutory appeal should not be dismissed as moot and notifying the parties that, if no response is received by the deadline, the case may be dismissed on any day after the deadline. On April 1, 2024, Appellant filed a response, acknowledging that this interlocutory appeal should be dismissed as moot. We received no response from Appellees by the deadline.

"If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot." *Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991); *see Qwest Commc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (A temporary injunction usually operates until dissolved or until a final hearing.).

Accordingly, we conclude this appeal is moot and we dismiss it for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (When an appeal becomes moot, the appellate court must dismiss the appeal for want of jurisdiction).

APPEAL DISMISSED.

PER CURIAM

Submitted on April 10, 2024
Opinion Delivered April 11, 2024

Before Golemon, C.J., Horton and Johnson, JJ.