**Opinion issued January 22, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00507-CV

———————————

**AIR DRILLING ASSOCIATES, INC., Appellant**

**V.**

**MIKE VANDER STAAK, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-24231**

---

## MEMORANDUM OPINION

Appellee Mike Vander Staak moved to dismiss as moot Appellant Air Drilling

Associates, Inc.'s accelerated appeal of the trial court's Modified Order on

Plaintiff's Verified Application for Temporary Injunctive Relief. Because the trial

court rendered a final judgment in the underlying case on December 19, 2025, we grant Appellee's motion and dismiss the appeal for lack of jurisdiction.

## DISCUSSION

Pursuant to Texas Rule of Appellate Procedure 42.3(a), on any party's motion or on its own initiative, this Court may dismiss an appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). If a case becomes moot, the court must dismiss the case for want of jurisdiction. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

An appellate court retains jurisdiction over the appeal of an interlocutory order granting or refusing a temporary injunction until a final judgment moots consideration of the appeal. *See Bienati v. Cloister Holdings, LLC*, 691 S.W.3d 493, 497 (Tex. 2024); *see also Isuani v. Manske–Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991). If the trial court renders and signs a final judgment in the case while an appeal of its temporary injunction order is pending, the case on appeal becomes moot. *Isuani*, 802 S.W.2d at 236. "When a case becomes moot on appeal, all previous orders pertaining to the temporary injunction are set aside by the appellate court and the case is dismissed." *Id.*

The trial court entered final judgment in the underlying case on December 19, 2025.[1] The trial court's final judgment renders this interlocutory appeal from its order granting Appellee's temporary injunction moot. *See id.* We thus grant Appellant's motion, vacate the trial court's order granting the temporary injunction, and dismiss this appeal as moot. *See* TEX. R. APP. P. 43.2(e); *Isuani*, 802 S.W.2d at 236. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

---

[1] The trial court's online docket available on the Harris County District Clerk's website reflects that the final judgment in the underlying case was entered on December 19, 2025. We take judicial notice of the trial court's online docket. *See Venkatraman v. Skinner*, No. 05-22-00298-CV, 2023 WL 5012105, at *2 n.3 (Tex. App.—Dallas Aug. 7, 2023, no pet.) (mem. op.) (taking judicial notice of online docket sheet in trial court because records are publicly available and not subject to reasonable dispute).